AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:    (213) 933-2330
Fax:    (312) 884-7352
william@amintalati.com
matt@amintalati.com
richard@amintalati.com

Attorneys for Defendant Better Booch, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BONNIE DAWSON, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BETTER BOOCH, LLC,<br><br>　　　　　Defendant. | Case No.:  3:23-cv-01091-DMS (DEB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:  November 17, 2023<br>Time: 1:30 p.m.<br>Ctrm: 13A<br><br>Hon. Dana M. Sabraw |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................... 1

II. PLAINTIFF'S ALLEGATIONS .................................................................. 2

III. LEGAL STANDARDS ................................................................................ 5

IV. ARGUMENT ................................................................................................ 6

   A.  The Amended Complaint States No Claim Because Plaintiff Does Not
       Plausibly Allege Reasonable Consumers Would Be Misled. ..................... 6

   B.  Plaintiff Has Failed to Plead Her Claims with Particularity. .................... 12

   C.  Plaintiffs' Claims for Equitable Relief Fail As a Matter of Law Because
       She Does Not Allege Her Legal Remedies Are Inadequate. ..................... 13

   D.  The UCL "Unlawful" Claim is Impliedly Preempted Because it is
       Predicated on Alleged Violations of FDA Regulations Incorporated by the
       Sherman Law, Not a Traditional Common Law Tort ................................ 14

   E.  Plaintiff Lacks Article III Standing to Pursue Injunctive Relief. .............. 16

V.  CONCLUSION ........................................................................................... 18

TABLE OF CONTENTS

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**State Cases**

*Chapman v. Skype*, 220 Cal.App.4th 217 (2013).................................................................6

*Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295 (2011) ................................................6, 7

*Kasky v. Nike, Inc.*, 27 Cal.4th 939 (2002) ......................................................................14

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003)..........................13

*Rubenstein v. The Gap, Inc.*, 14 Cal.App.5th 870 (2017).................................................7

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................................................5, 7

*Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG, 2022 WL
3452791 (C.D. Cal. July 18, 2022)..............................................................................14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................5

*Bettles v. Toyota Motor Corp.*, No. 2:21-cv-07560-ODW, 2022 WL
1619337 (C.D. Cal. May 23, 2022) ..............................................................................14

*Borchenko v. L'Oreal USA, Inc.*, 389 F.Supp.3d 769 (C.D. Cal. 2019).......................15

*Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001-WHO, 2022 WL
1471454 (N.D. Cal. May 10, 2022) ..............................................................................16

*Chong v. Kind LLC*, 585 F.Supp.3d 1215 (N.D. Cal. 2022) ...........................14, 15, 16

*City of Los Angeles v. Lyons*, 461 U.S. 955 (1983) ........................................................16

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ......................................................17

*Cosgrove v. Blue Diamond Growers*, No. 10 Civ. 8993 (VM), 2020 WL
7211218 (S.D.N.Y. Dec. 7, 2020) ............................................................................9, 10

*Cruz v. D.F. Stauffer Biscuit Co., Inc.,* No. 20-CV-2402 (PGG), 2021
WL 5119395 (S.D.N.Y. 2021) ......................................................................................10

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)...................................................16

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25`

26

27

28

*Dashnau v. Unilever Manufacturing (US), Inc.*, 529 F.Supp.3d 235
   (S.D.N.Y. 2021)................................................................................8

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018)...........................17, 18

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) ............................................6

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) .........................................6, 7

*Gamez v. Summit Naturals Inc.*, No. CV 22-05894 DSF (KSx), 2022 WL
   17886027 (C.D. Cal. Oct. 24, 2022)......................................................18

*Genna v. Digital Link Corp.*, 25 F.Supp.2d 1032 (N.D. Cal. 1997)...........................13

*Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x 561
   (9th Cir. 2008) ...........................................................................7, 12

*Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945) ...............................13

*Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 217833
   (N.D. Cal. Mar. 24, 2021)..................................................................7

*Imprimisrx, LLC v. Osrx, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL
   2919318 (S.D. Cal. Apr. 12, 2023)........................................................16

*Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 WL
   5106652 (S.D. Cal. Aug. 28, 2020)....................................................16, 17

*Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889 (N.D. Cal. 2012) .........................6

*Joslin v. Clif Bar & Company*, No. 4:18-cv-04941-JSW, 2019 WL
   5690632 (N.D. Cal. Aug. 26, 2019) ......................................................18

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ..................................12

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018)......................5, 6

*Loh v. Future Motion, Inc.*, No. 5:21-cv-06088-EJD, 2022 WL 2668380
   (N.D. Cal. July 11, 2022)..................................................................12

*McGinity v. Procter & Gamble Company*, 69 F.4th 1093 (9th Cir. 2023).......1, 7, 11, 12

*Moore v. Trader Joe's Co.*, 4 F.4th 874 (9th Cir. 2021)....................................11

*Moreno v. Vi-Jon, LLC*, No. 20CV1446 JM, 2023 WL 4611823
   (S.D. Cal. July 18, 2023) .................................................................12

- 2 -

*Nacarino v. KSF Acquisition Corp.*, --- F.Supp.3d ---, No. 22-cv-04021-
   MMC, 2022 WL 17178688 (N.D. Cal. Nov. 23, 2022) ........................ 14, 17

*Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services,*
   *Inc.*, 48 F.4th 1040, 1050 (9th Cir. 2022 ...................................... 2, 14, 15, 16

*Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services,*
   *Inc.*, No. SACV 20-01506-CJC, 2020 WL 6867069
   (C.D. Cal. Nov. 18, 2020) ............................................................................. 15

*NuCal Foods, Inc. v. Quality Egg LLC*, 918 F.Supp.2d 1023
   (E.D. Cal. 2013) ........................................................................................... 13

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ...................................................... 13

*Perez v. Nidek Co., Ltd.*, 711 F.3d 1109 (9th Cir. 2013) ............................... 15

*Pichardo v. Only What You Need, Inc.*, No. 20-CV493 (VEC), 2020 WL
   6323775 (S.D.N.Y. Oct. 27, 2020) ................................................................ 8

*Potts v. Ford Motor Co.*, No. 3:21-cv-00256-BEN-BGS, 2021 WL
   3112471 (S.D. Cal. July 22, 2021) .......................................................... 13, 14

*Puri v. Khalsa*, 674 F. App'x 679 (9th Cir. 2017) ......................................... 12

*Renn v. Otay Lakes Brewery, LLC*, No. 23CV139-GPC, 2023 WL
   6050582 (S.D. Cal. Sep. 14, 2023) .............................................................. 17

*Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL
   6729802 (C.D. Cal. Dec. 16, 2013) ........................................................... 6, 7

*Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020) ........... 13, 14

*Steele v. Wegmans Food Markets, Inc.*, 472 F.Supp.3d 47
   (S.D.N.Y. 2020) ................................................................................ 8, 9, 10, 11

*Steinberg v. Icelandic Provisions, Inc.*, No. 22-15287, 2023 WL 3918257
   (9th Cir. June 9, 2023) .................................................................................. 11

*Swartz v. KPMG LLP,* 476 F.2d 756 (9th Cir. 2007) ................................... 13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct.
   2499 (2007) .................................................................................................... 5

- 3 -

TABLE OF AUTHORITIES

*Victor v. R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO, 2014 WL 1028881

   (N.D. Cal. Mar. 14, 2014)..................................................................................8

*Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877 (C.D. Cal. 2013)......................6

*Vigil v. General Nutrition Corp.*, No. 15-cv-0079 (JM), 2015 WL

   2338982 (S.D. Cal. May 13, 2015) ...............................................................12

*Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 WL 1591715

   (N.D. Ill. May 19, 2022).................................................................................7

*Weiss v. Trade Joe's Co.*, 838 F. App'x 302 (9th Cir. 2021) ....................................7, 12

*Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504

   (N.D. Ill. Nov. 4, 2021) .................................................................................8

*Zeller v. Optavia, LLC*, No. 22-cv-434-DMS-MSB, 2022 WL 17858032

   (S.D. Cal. Dec. 22, 2022) ............................................................................14

**Statutes**

21 U.S.C. Sec. 337....................................................................................................15

21 U.S.C. Sec. 343....................................................................................................15

Cal. Bus. & Prof. Code § 17200 ...............................................................................5

Cal. Bus. & Prof. Code § 17500 ...............................................................................5

Cal. Civ. Code § 1750 ...............................................................................................5

Cal. Health & Safety Code § 109875.......................................................................14

Cal. Health & Safety Code § 110665.......................................................................15

Fed. R. Civ. P. 8 ........................................................................................................5

Fed. R. Civ. P. 9 ...........................................................................................1, 12, 13

Fed. R. Civ. P. 12 ......................................................................................................5

TABLE OF AUTHORITIES

## I.    INTRODUCTION

This is another "flavor" case of the type dismissed by courts dozens of times over the last several years. This time the product is kombucha—a beverage that comes in a variety of flavors. Specifically, Plaintiff attacks six flavor varieties of Defendant's Better Booch Kombucha line. Plaintiff's theory is that the labels' respective references to those flavor varieties would mislead consumers to believe that the products contain a particular fruit, not just the fruit's flavor.

Plaintiff does not allege that any of the products fail to taste as described on the packaging. Nonetheless, she claims the labeling is false or misleading. On behalf of a proposed nationwide class, she brings false advertising and breach of warranty claims. For several reasons, she fails to state any claim.

First, Plaintiff fails to allege facts plausibly establishing that reasonable consumers would be misled. Courts have repeatedly held that reasonable consumers would understand this type of reference to a product's flavor variety describes how the product tastes, not what it contains. Furthermore, even if the front label is considered ambiguous— that is, as potentially referring to either a flavor or an ingredient—the remainder of the label expressly discloses that the beverage contains "0% JUICE" and the natural *flavor* of the fruit, not the fruit or its juice. "The front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *McGinity v. Procter & Gamble Company*, 69 F.4th 1093, 1098 (9th Cir. 2023). Plaintiff fails to state any claim.

Second, Plaintiff fails to plead her claims with particularity, as required by Fed. R. Civ. P. 9(b). While she claims to have purchased all six products challenged in the Amended Complaint, she does not allege with specificity *when* she purchased any product (much less at which of the various retailers mentioned in her Complaint). She therefore fails to comply with basic particularity requirements.

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

Third, Plaintiff cannot pursue any equitable claims because she has failed to plead any facts establishing her legal remedies are inadequate.

Fourth, Plaintiff's Unfair Competition Law "unlawful" claim is impliedly preempted because it is predicated on alleged violations of FDA regulations adopted by California's Sherman Law. The Ninth Circuit has recently affirmed that implied preemption applies where "[t]he purported state law violation is of a law that says in substance 'comply with the FDCA,' not a traditional common law tort." *Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc.*, 48 F.4th 1040, 1050 (9th Cir. 2022).

Finally, Plaintiff lacks Article III standing to seek injunctive relief. By Plaintiff's own admission, the ingredient lists on the Products' labels provides the information necessary to determine whether the product contains the fruit as an ingredient. And, by her own admission, she is now aware of that. She does not face any threat of actual and imminent injury.

## II.   PLAINTIFF'S ALLEGATIONS

Defendant manufactures and sells its Better Booch Kombucha beverages in numerous varieties, including Cherry Retreat, Citrus Sunrise, Golden Pear, Morning Glory, Hibiscus Healer, and Strawberry Lemonade (the "Products"). (Dkt. 10, ¶ 2 & n.2.)

Plaintiff resides in El Cajon, California. (*Id.* ¶ 12.) She alleges she was a "frequent purchaser" of the Products. (*Id.* ¶ 6.) She alleges she purchased "at least one of all the [Products]" at stores including Walmart, Vons, and Sprouts. (*Id.* ¶ 13.) But she does not allege *when* she purchased any of the six Products, let alone when she purchased each of them. Instead, she vaguely alleges the purchases were "within the applicable class periods[,]" which she defines as "the maximum time allowable" under statutes of limitations. (*Id.* ¶¶ 13, 69.)

Plaintiff alleges the front panel of the beverage cans led her to believe "that she was consuming a beverage that contained the fruit depicted by name." (*Id.* ¶ 14.) She

1   alleges that, had she known the Products' contained the natural flavor of the fruit (not the

2   fruit itself), she either would not have purchased the Products or would not have "paid as

3   much for them." (*Id.* ¶¶ 17, 64.)

4       The Amended Complaint alleges the following front image of the "Golden Pear"

5   Product:



27   (*Id.* ¶ 6.)

MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DIMISS
PLAINTIFF'S AMENDED COMPLAINT

The rest of that label (which the Amended Complaint did not provide) is submitted as Exhibit 1 to the Declaration of Donald Lockerbie III ("Lockerbie Decl.").[1] As can be seen, immediately above the Nutrition Facts Panel and in color-differentiated font, the label states "0% JUICE":



(*Id.*, Ex. 1.) The ingredient list states, "Natural Pear Flavor" (as Plaintiff admits in the Amended Complaint). (*Id.*; Dkt. 10, ¶ 28.)

Plaintiff alleges that "[o]ther than different characterizing ingredients, each Class Product is labeled in a materially similar fashion." (Dkt. 10, ¶ 2 n.2.)

---

[1] The rest of the label is properly considered by this Court under the doctrine of incorporation by reference. *See* Section III., *infra*.

On behalf of herself and a proposed nationwide class (or California subclass), she asserts the following claims: (1) breach of express warranty; (2) "unlawful" business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (3) "unfair" practices in violation of the UCL; (4) "fraudulent" business practices in violation of the UCL; (5) violation of California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500 et seq.; (6) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; and (7) unjust enrichment.

## III.   LEGAL STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Facts indicating the "mere possibility" of liability fall short of meeting this plausibility standard. *Id.* at 678.

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted).

The label images for the products at issue are properly considered by this Court under the doctrine of incorporation by reference. When ruling on a Rule 12 motion, a court may look beyond the pleadings at "documents incorporated by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007). A document is incorporated by reference into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen*

*Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal quotations and citation omitted). Here, the product labeling is the basis of Plaintiff's claims and is referenced throughout the Amended Complaint. *See Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 903 n.7 (N.D. Cal. 2012) (product label properly considered "because it is referenced in the complaint"); *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877, 882-83 (C.D. Cal. 2013) (taking notice of product labels and packaging referenced in the complaint); *Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802, at *5 n.7 (C.D. Cal. Dec. 16, 2013).

## IV.   ARGUMENT

### A.   The Amended Complaint States No Claim Because Plaintiff Does Not Plausibly Allege Reasonable Consumers Would Be Misled.

The "reasonable consumer" standard governs Plaintiff's claims under the CLRA, UCL, and FAL. *Chapman v. Skype*, 220 Cal.App.4th 217, 230 (2013); *Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295, 1304 (2011); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995).[2] To state a claim under the CLRA, UCL or FAL, Plaintiff must allege facts establishing that the challenged statements or other representations on the Product label are likely to deceive a reasonable consumer. *Chapman*, 220 Cal.App.4th at 226.

"Likely to deceive implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* at 227. Instead, "the phase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*; *accord Hill*, 195 Cal.App.4th at 1301 (holding the standard is not a least sophisticated consumer, nor an unwary consumer, but rather the court looks to the ordinary, reasonable consumer within the larger population); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016);

---

[2] In Section IV.D, *infra*, Defendant separately addresses Plaintiff's UCL "unlawful"-prong claim (Second Cause of Action), which is based on alleged violation of FDA regulations incorporated by California's Sherman Law.

*Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802, at *3 (C.D. Cal. Dec. 16, 2013) (deception must be probable, not just possible). A plaintiff's allegation that she was *personally* deceived is insufficient to show that a reasonable consumer is likely to be deceived. *Hill*, 195 Cal.App.4th at 1303-04. In fact, a plaintiff's allegation that a Product label is "deceptive" is "plainly . . . a legal conclusion that is not deemed true even on a motion to dismiss." *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 217833, at *2 (N.D. Cal. Mar. 24, 2021) (dismissing claims that soft serve ice cream described on menu boards as "Vanilla" or "Vanilla Cone" would mislead reasonable consumers to believe the ice cream was flavored by real vanilla); *see also Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 WL 1591715, at *3 (N.D. Ill. May 19, 2022) (plaintiffs' allegations about what a reasonable consumer would supposedly expect "are conclusory statements that I need not accept").

At the pleading stage, courts dismiss CLRA, UCL and FAL claims "when the facts alleged fail as a matter of law to show such a likelihood [of deception]." *Rubenstein v. The Gap, Inc.*, 14 Cal.App.5th 870, 877 (2017) (affirming sustaining of demurrer); *accord McGinity v. Proctor Gamble Company*, 69 F.4th 1093 (9th Cir. 2023) (affirming granting of motion to dismiss); *Freeman v. Time, Inc.*, 68 F.3d 285, (9th Cir. 1995) (same). And if Plaintiff fails to state a plausible claim of misrepresentation, her claims for breach of express warranty and unjust enrichment also fail. *See, e.g., Weiss v. Trade Joe's Co.*, 838 F. App'x 302, 303 (9th Cir. 2021) (affirming dismissal of breach-of-warranty claims premised on the "exact same representations as her consumer protection claim"); *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x 561, 563 (9th Cir. 2008) (unjust enrichment). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 669.

Here, Plaintiff's theory of deception is that the front label's reference to "Golden Pear" (or cherry or strawberry, etc., depending on the respective product) would lead

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DIMISS
PLAINTIFF'S AMENDED COMPLAINT

reasonable consumers to conclude the kombucha specifically contained pear as opposed to natural pear flavor. Before turning to the defects in Plaintiff's claims, Defendant notes that much of the Amended Complaint is devoted to Plaintiff's arguments about FDA regulations, including numerous references to Chapter 21 of the Code of Federal Regulations. But Plaintiff's "claims regarding FDA regulations are not relevant to determining whether a label is deceptive or misleading" to reasonable consumers. *Pichardo v. Only What You Need, Inc.*, No. 20-CV493 (VEC), 2020 WL 6323775, at *3 n.6 (S.D.N.Y. Oct. 27, 2020) (granting motion to dismiss); *accord Steele v. Wegmans Food Markets, Inc.*, 472 F.Supp.3d 47, 50 (S.D.N.Y. 2020) (granting motion to dismiss, and observing that "[t]he point here is not conformity with this or that standard (which is left to authorities to regulate) but whether the marketing presentation was deceptive"); *Dashnau v. Unilever Manufacturing (US), Inc.*, 529 F.Supp.3d 235, 243 (S.D.N.Y. 2021) ("Plaintiffs' citation to various federal regulations do not establish that a reasonable consumer is likely to be misled by the words 'vanilla bean ice cream' on the Product's front label."); *Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) (same); *Victor v. R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO, 2014 WL 1028881, at *17 (N.D. Cal. Mar. 14, 2014) ("the ultimate question in UCL, CLRA, and FAL fraud claims is what a  reasonable consumer expects, which may have absolutely no relation to FDA regulations").

Turning, then, to Plaintiff's theory of purported misrepresentation, there is no allegation that the Products do not taste as described. Plaintiff alleges she was a "*frequent purchaser of Better Booch Beverages*" but does not claim any dissatisfaction with their taste. (Dkt. 10, ¶ 6, emphasis added.) She doesn't, for example, allege that the Golden Pear variety tasted like cherry, or that the "Cherry Retreat" tasted like pear. There is also no allegation that the Products' flavoring is not natural. Plaintiff fails to plausibly allege any deception.

*Steele*, 472 F.Supp.3d 47, is on point. In *Steele*, the plaintiffs alleged they were deceived by Wegman's Vanilla Ice Cream package to believe the ice cream "got its vanilla flavor from vanilla beans or vanilla bean extract, when in fact the ice cream got most of its vanilla flavor from some non-vanilla source." *Id.* at 49. The district court granted a motion to dismiss without leave to amend, holding that, as a matter of law, the Wegmans packaging was not deceptive. The court explained:

> Although they are processed almost simultaneously by the buyer, to analyze the total effect of the messages on the container it is useful to consider them in sequence. The buyer's first desire is for ice cream, and when he is in the frozen food area he must select, from many choices (chocolate, lemon, mint, lime, etc.) the one he wants. Thus the large-type "Vanilla" is of immediate use. Of course he is not looking for a bowl of vanilla, and the next largest words confirm that the container holds ice cream. Those who prefer natural ingredients will note that it has natural vanilla flavor, and no artificial flavors. Evidently there are various natural substances which have a vanilla flavor. Those interested in the actual ingredients can read the list, which mentions neither vanilla beans nor extracts, but they will not learn the components, amounts or proportions of the Natural Flavor.
>
> That is where the container's disclosures start, and where they stop. Where is the deception? What is misleading, or misrepresented?

*Id.* at 50. Finding no plausible deception, the court dismissed the complaint. *Id.* at 51.

Similarly, in *Cosgrove v. Blue Diamond Growers*, No. 10 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020), the plaintiffs alleged that almond milk labeled "Vanilla" was misleading because the product was not flavored by "authentic vanilla" but instead derived its flavor from vanillin, a naturally occurring substance obtained from tree bark which simulates vanilla flavor. *Id.* at *1. The court dismissed the complaint, finding reasonable consumers would understand the almond milk's reference to "Vanilla" "to refer to a flavor and not to vanilla beans or vanilla extract as an ingredient." *Id.* at *3. The court explained:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DIMISS PLAINTIFF'S AMENDED COMPLAINT

1
2
3
4
5
6
7

That association, of "Vanilla" as a flavor and not an ingredient, is borne out by consumers' practical use of the representation. For example, here, the consumer in the grocery store is looking, first and foremost, for almond milk—not vanilla. The large font "Vanilla" on the front of the Product allows the consumer to quickly understand the flavor of the almond milk and differentiate between products. . . . The Product makes no additional representation about how that flavor is achieved. Thus, without more, the "Vanilla" representation would be misleading only if the Product did not actually taste like vanilla, but Plaintiffs concede it does. Accordingly, use of the "Vanilla" representation on the Product is not misleading.

8  *Id.* (citations omitted).

9    *Cruz v. D.F. Stauffer Biscuit Co., Inc.,* No. 20-CV-2402 (PGG), 2021 WL 5119395

10  (S.D.N.Y. 2021), also is instructive. There, the product at issue was Stauffer's Lemon

11  Snap Cookies. *Id.* at *1. The package's front label stated "LEMON SNAPS" and included

12  an image of three lemons (two whole and one cut in half). *Id.* The plaintiffs alleged the

13  labeling was false and misleading because it would supposedly lead reasonable

14  consumers to believe "that there was a substantive amount of real lemon in the Product."

15  *Id.* at *4. The court dismissed the complaint, finding the plaintiffs had "failed to plausibly

16  allege that a reasonable consumer is likely to be misled by the Product's packaging." Id.

17  at *6. "Plaintiffs do not allege that the Product does not taste like lemons, and therefore

18  a consumer reasonably expecting a lemon-flavored cookie as a result of the packaging is

19  not misled." *Id.*

20    The same applies here. Plaintiff fails to plausibly allege that reasonable consumers

21  would be deceived. A buyer seeking kombucha must select a flavor variety, and a

22  kombucha manufacturer must identify its different product flavors for that purpose. Thus,

23  the front label statement "Golden Pear," for example, is of immediate use. Of course, the

24  buyer is not looking for a pear, so the front-label statements "KOMBUCHA" and

25  "Sparkling Probiotic Tea" confirm the can contains a kombucha *beverage*. Just as in

26  *Steele, Cosgrove,* and *Cruz,* there is nothing deceptive. The message communicated is

27  that the package contains kombucha with a pear taste. This is not complicated. And

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DIMISS
PLAINTIFF'S AMENDED COMPLAINT

Plaintiff makes no allegation that the kombucha failed to have a pear taste (or the other designated tastes, as the case may be). "Where is the deception? What is misleading, or misrepresented?" *Steele*, 472 F.Supp.3d at 50. Nothing. If a consumer wants to know more about the kombucha's flavoring or ingredients, she can view the ingredient list, which will inform her the beverage contains "natural pear flavor." There is no deception. The labeling does not state "made with pear" or "contains pear" and the ingredient list states, "natural pear flavor" (not "pear"). (Lockerbie Decl., Ex. 1.)

Furthermore, even assuming the front labeling is ambiguous as to whether "Golden Pear" refers to a flavor or an ingredient, the rest of the Product labeling dispels any ambiguity. In *McGinity v. Proctor & Gamble Company*, 69 F.4th 1093 (9th Cir. 2023), the Ninth Circuit held that, in applying the reasonable consumer standard, "the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *Id.* at 1098. When a "front label is ambiguous, the ambiguity can be resolved by reference to the back label." *Id.* at 1099. In *McGinity*, the court affirmed the dismissal of the plaintiff's false advertising claims, which alleged that a shampoo's front-label statement "Nature Fusion" accompanied by an image of an avocado on a green leaf would mislead consumers to believe the shampoo's ingredients were "from nature or otherwise natural." *Id.* at 1096. The Ninth Circuit agreed with the district court that the front label was ambiguous as to whether it contained only natural ingredients, and that the ingredient list on the rear label dispelled any potential confusion by listing synthetic ingredients. *Id.* at 1099; *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (because there was "some ambiguity as to what "100% New Zealand Manuka Honey" could mean, "reasonable consumers would necessarily require more information before they could reasonably conclude Trade Joe's label promised a honey that was 100% derived from a single, floral source"); *Steinberg v. Icelandic Provisions, Inc.*, No. 22-15287, 2023 WL 3918257, at *1 (9th Cir. June 9, 2023) (affirming granting of motion to dismiss "because the front label's

'ambiguity [is] resolved by reference to the back label,' which accurately states that the product is manufactured in New York") (quoting *McGinity*, 69 F.4th at 1099).

Here, a consumer who was unsure as to whether the product was flavored with pear juice need only slightly turn the can to see the statement "0% JUICE" immediately above the Nutrition Facts panel and in color-differentiated font. (Lockerbie Decl., Ex. 1.) Right below the Nutrition Facts panel, the ingredient list expressly states the product contains "NATURAL PEAR FLAVOR" (not pear). (*Id.*)

Accordingly, Plaintiff has failed to plead facts plausibly establishing the packaging is false or misleading to reasonable consumers. She therefore fails to state any CLRA or FAL claim, or any UCL claim based on a deception theory.[3] Because the express warranty and unjust enrichment claims are based on the same defective theory of misrepresentation, those claims fail for the same reasons. *See, e.g., Weiss,* 838 F. App'x at 303; *Girard*, 316 F. App'x at 563; *Moreno v. Vi-Jon, LLC*, No. 20CV1446 JM, 2023 WL 4611823, at *10 (S.D. Cal. July 18, 2023) ("Plaintiff's breach of express warranty claim fails for the same reasons his CLRA, FAL and UCL claims do.").

## B.    Plaintiff Has Failed to Plead Her Claims with Particularity.

Plaintiff's claims also fail for another reason. Because her claims sound in fraud, she must meet Rule 9(b)'s particularity requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (CLRA and UCL claims); *Puri v. Khalsa*, 674 F. App'x 679, 690 (9th Cir. 2017) (where an "unjust enrichment claim is based on fraud, it too is subject to Rule 9(b)"); *Loh v. Future Motion, Inc.*, No. 5:21-cv-06088-EJD, 2022 WL 2668380, at *6 (N.D. Cal. July 11, 2022) (where the plaintiff's UCL, CLRA, unjust enrichment, and warranty claims all rely on the same theory that the defendant misrepresented the product's features, all claims were subject to Rule 9(b)). The Rule

---

[3] While the Amended Complaint purports to allege both a UCL "fraudulent" and a UCL "unfair" claim, the UCL "unfair" claim is based on the same theory as the "fraudulent" claim—i.e., Plaintiff's allegation that Defendant's labeling provided a "misleading description of the Products." (Dkt. 10, ¶ 99.) Thus, Plaintiff's UCL "unfair" claim fails for the same reasons as the UCL "fraudulent" claim. *See, e.g., Vigil v. General Nutrition Corp.*, No. 15-cv-0079 (JM), 2015 WL 2338982, at *15 (S.D. Cal. May 13, 2015).

9(b) standard requires that the plaintiff specify the *time* and *place* of the alleged representation. *Swartz v. KPMG LLP,* 476 F.2d 756, 764 (9th Cir. 2007); *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F.Supp.2d 1023, 1036 (E.D. Cal. 2013); *Genna v. Digital Link Corp.*, 25 F.Supp.2d 1032, 1038 (N.D. Cal. 1997) (to meet Rule 9(b), the complaint must allege "the time, place and content of the alleged fraudulent representation").

Unfortunately, the Amended Complaint is the antithesis of particularity. While Plaintiff claims to have purchased all six products challenged in the Amended Complaint, she does not allege *when* she made any purchases. She does not allege the date—or even the approximate date—of even a single purchase, let alone dates for the purchases of all six products. Instead, she makes the vague and non-particularized allegation that she "purchased at least one of all" the Products "within the applicable class periods," which the Amended Complaint defines as "the maximum time allowable as determined by the statute of limitations periods accompanying each cause of action." (Dkt. 10, ¶¶ 13, 69.) Thus, each of Plaintiff's claims fails as a matter of law.

**C.    Plaintiffs' Claims for Equitable Relief Fail As a Matter of Law Because She Does Not Allege Her Legal Remedies Are Inadequate.**

In the Second through Fifth Causes of action, Plaintiff asserts UCL and FAL claims, which are equitable claims. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144, 63 P.3d 937 (2003); *Potts v. Ford Motor Co.*, No. 3:21-cv-00256, 2021 WL 3112471, at *5 (S.D. Cal. July 22, 2021). In Count 7, she alleges unjust enrichment, another equitable claim. In the breach of express warranty and CLRA claims (Counts 1 and 6), she purports to seek both legal and equitable remedies. (Dkt. 10, ¶¶ 86, 121-122.)

Before Plaintiff can pursue equitable relief, she must plead facts establishing her legal remedies are inadequate. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945); *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974); *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 842-44 (9th Cir. 2020). In *Sonner*, the court affirmed dismissal of the plaintiff's restitution claims, holding the plaintiff had failed to show how an award of

damages under the CLRA would be inadequate compared to restitution. 971 F.3d at 844; *accord Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG, 2022 WL 3452791, *1-2 (C.D. Cal. July 18, 2022); *Bettles v. Toyota Motor Corp.*, No. 2:21-cv-07560-ODW, 2022 WL 1619337, *3 (C.D. Cal. May 23, 2022).

The same applies here. Plaintiff seeks to recover damages under her express warranty and CLRA claims. (Dkt. 10, ¶¶ 84, 122.) Her damages claims are based on the same alleged conduct as her equitable claims. The Complaint makes "no attempt to explain how money damages would be inadequate or unavailable here." *Potts*, 2021 WL 3112471, at *5; *see also Zeller v. Optavia, LLC*, No. 22-cv-434-DMS-MSB, 2022 WL 17858032, at * (S.D. Cal. Dec. 22, 2022) ("[C]ourts in this district have held that, under *Sonner*, a plaintiff must plead inadequate legal remedies in the operative pleading to properly allege claims for equitable relief under the UCL and CLRA."); *Nacarino v. KSF Acquisition Corp.*, 642 F.Supp.3d 1074, 1082 (N.D. Cal. 2022). Thus, Plaintiff's UCL, FAL, and unjust enrichment claims fail entirely, as does her claims for equitable relief under her CLRA and express warranty claims.

### D. The UCL "Unlawful" Claim is Impliedly Preempted Because it is Predicated on Alleged Violations of FDA Regulations Incorporated by the Sherman Law, Not a Traditional Common Law Tort.

The UCL's "unlawful" prong "permits violations of other laws to be treated as unfair competition that is independently actionable." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002). In Count 2, Plaintiff asserts a UCL "unlawful" claim based on the theory that Defendant violated various FDA labeling regulations "incorporate[d]" by California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 109875, et seq. (*See* Dkt. 10, ¶¶ 88 – 93.) This claim is impliedly preempted. *See Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc.*, 48 F.4th 1040, 1050 (9th Cir. 2022); *Chong v. Kind LLC*, 585 F.Supp.3d 1215, 1219 (N.D. Cal. 2022).

The Federal Food, Drug, and Cosmetic Act ("FDCA") not only lacks a private right

of action but expressly provides that all enforcement is to be by the U.S. government (e.g., FDA) and state agencies.  21 U.S.C. § 337(a). There is only a "narrow gap" through which a private party's state-law claim must fit to escape preemption by the FDCA: The plaintiff must be suing for conduct that *violates* the FDCA (or else his or her claim is expressly preempted), "but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman*)." *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1120 (9th Cir. 2013) (quotation and citation omitted).

Here, Plaintiff's allegations of purported FDA regulatory violations fail to navigate this narrow gap. Plaintiff's UCL "unlawful" claim is implied preempted because "Plaintiff is suing not only for conduct that [allegedly] violates the FDCA but 'because the conduct violates the FDCA.'" *Borchenko v. L'Oreal USA, Inc.*, 389 F.Supp.3d 769, 774 (C.D. Cal. 2019); *accord Chong,* 585 F.Supp.3d at 1219. While "certain state-law causes of action that parallel federal [] requirements" may escape implied preemption, to make that escape the state-law claims must "be relying on *traditional state tort law* which had predated the federal enactments in question[.]" *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001) (emphasis added).

The Sherman Law incorporates the FDA's food labeling requirements. Cal. Health & Safety Code § 110665 ("Any food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in Section 403(q) (21 U.S.C. Sec. 343(q)) of the federal act and the regulations adopted pursuant thereto."). The Ninth Circuit has held that a claim for alleged violation of this type of state statutory adoption of FDA regulations is *not* a traditional state tort law theory and is implied preempted. *Nexus*, 48 F.4th at 1048, 1050. The plaintiff in *Nexus* was suing under the same statute as Plaintiff here: California's Unfair Competition Law. *See Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc.*, No. SACV 20-01506-CJC, 2020 WL 6867069, at *1 (C.D. Cal. Nov. 18, 2020). The Ninth Circuit explained the plaintiff's claims were impliedly preempted because they were "based on state laws that incorporate

federal law, rather than on traditional tort law." *Nexus*, 48 F.4th at 1048. "**The purported state law violation is of a law that says in substance 'comply with the FDCA,' not a traditional common law tort.**" *Id.* at 1050 (emphasis added). Therefore, "[t]he prohibition of private enforcement applies squarely, as does 'implied preemption.'" *Id.* at 1050-51.

Defendant recognizes that district courts have previously disagreed over whether UCL "unlawful" claims are impliedly preempted where predicated on alleged violations of FDA regulations incorporated by the Sherman Law. *Compare, e.g., Chong*, 585 F.Supp.3d at 1219, *with Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001-WHO, 2022 WL 1471454, at *8 (N.D. Cal. May 10, 2022). But *Nexus* makes clear that preemption applies. The Ninth Circuit has "been protective of the FDA's statutory monopoly on enforcement authority." *Nexus*, 48 F.4th at 1048. Private causes of action predicated on violation of a state statute "that says in substance 'comply with the FDCA'" are preempted because they "may indeed 'stand as an obstacle' to FDA's enforcement discretion by enabling what the FDA regards as over-enforcement." *Id.* at 1048, 1050; *see also Imprimisrx, LLC v. Osrx, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 2919318, at *4 (S.D. Cal. Apr. 12, 2023) ("*Nexus* provides an answer to this inquiry: if an FDCA violation is integral of a state-law claim, then the FDCA preempts the claim."). The Court must dismiss the UCL "unlawful" claim (Second Cause of Action).

### E.   Plaintiff Lacks Article III Standing to Pursue Injunctive Relief.

To have Article III standing to seek injunctive relief, the plaintiff must show she is likely to suffer future injury from the defendant's conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Plaintiff bears the burden to establish standing for her injunctive relief claim. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 and n.3 (2006); *Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020).

While a "customer who is deceived by false advertising *may* have standing to seek injunctive relief forbidding the defendant from engaging in the same false advertising again[,]" the "consumer must still establish the threat of actual and imminent injury." *Jackson*, 2020 WL 5106652, at *5 (discussing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018)) (emphasis in original). The "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations omitted). Where the plaintiff is now aware of the allegedly misleading advertising claim, and can check the claim before purchase merely by looking at the product label, the plaintiff fails to plausibly allege any likelihood she will be deceived in the future. *Jackson*, 2020 WL 5106652, at *5.

Here, Plaintiff alleges she is now aware the Products do not contain certain fruits but rather the flavor of those fruits. (Dkt. 10, ¶¶ 7, 81.) She does not allege that any laboratory testing or analysis (or any information beyond the Products' own labeling) was required to determine this. Instead, she bases her knowledge on the labeling's ingredient list. (*Id.* ¶ 28; *see also* Lockerbie Decl., Ex. 1.) With that knowledge, even if she wanted to purchase any of the Products in the future, she could simply look at the ingredient lists to determine if the Product contains the fruit itself or the natural flavor of the fruit. "[W]here a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." *Jackson*, 2020 WL 5106652, at *5; *accord Renn v. Otay Lakes Brewery, LLC*, No. 23CV139-GPC, 2023 WL 6050582, at *4 (S.D. Cal. Sep. 14, 2023) ("Since *Davidson*, district courts have distinguished between representations on a label that can be verified by reading the product label with representations that cannot be verified to determine whether the plaintiff will be subject to repeated injury."); *Nacarino*, 642 F. Supp. 3d at 1080 (where the true meaning of the protein representation could be ascertained from the instruction panel on the container,

the plaintiff did not face any threat of imminent injury and lacked standing to pursue injunctive relief); *Gamez v. Summit Naturals Inc.*, No. CV 22-05894 DSF (KSx), 2022 WL 17886027, at * (C.D. Cal. Oct. 24, 2022) ("Unlike in *Davidson*, in the future, Gamez can check the size of Summit Naturals' product packaging against information on the packaging[.]"); *Joslin v. Clif Bar & Company*, No. 4:18-cv-04941-JSW*,* 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019) ("Plaintiffs do not need to purchase the Products again in order to know whether the Products contain real white chocolate" but instead "need only inspect the ingredient list").

Because Plaintiff has failed to allege standing to pursue injunctive relief, the Court must dismiss all claims for injunctive relief.

## V.     CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Dismiss in its entirety.

Dated:  October 5, 2023                         **AMIN TALATI WASSERMAN, LLP**


/s/ *William P. Cole*
William P. Cole

*Attorney for Defendant Better Booch, LLC*

## CERTIFICATE OF SERVICE
(United States District Court)

I hereby certify that on the 5TH day of October, 2023, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *William P. Cole*
William P. Cole