1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   BONNIE DAWSON on behalf of herself        Case No.:  23-cv-1091-DMS-DEB
     and all others similarly situated,
12                                             **ORDER GRANTING DEFENDANT'S**
                                    Plaintiff,  **MOTION TO DISMISS**
13
     v.
14
     BETTER BOOCH, LLC.
15
                                   Defendant.
16

17

18        Pending before the Court is Defendant Better Booch's ("Defendant") Motion to

19   Dismiss Plaintiff's First Amended Complaint ("FAC").  (Def.'s Motion to Dismiss ("Def.'s

20   Mot.), ECF No. 13).  Plaintiff Bonnie Dawson ("Plaintiff") on behalf of herself and all

21   others similarly situated, filed an opposition, (Plaintiff's Opp'n ("Opp'n"), ECF No. 14),

22   and Defendant filed a reply (Def.'s Reply, ECF No. 15).  For the reasons discussed below,

23   Defendant's motion to dismiss is granted.

24                         **I.      BACKGROUND**

25        Plaintiff Bonnie Dawson brings this class action on behalf of herself, and all others

26   similarly situated.  Plaintiff is a consumer of Defendant Better Booch's line of organic

27   Kombucha beverages ("Products").  Kombucha is a popular and fast-growing fermented

28   tea beverage known for promoting various health benefits.  Defendant sells kombucha

1

beverages in a variety of fruit flavors (i.e., pear, strawberry, cherry).  Plaintiff alleges the front labels on Defendant's Products are misleading because they give reasonable consumers the impression that the Products contain real fruit juice when they do not. Specifically, Plaintiff notes that she purchased Defendant's "Golden Pear" flavored beverage under the assumption that the product contained pear juice and was disappointed to discover that the product derived its pear flavor from "natural pear flavor," and not pear juice.[1]  Defendant contests that the product is not misleading for no reasonable consumer would assume that there is real pear juice in the product as the back of each can clearly states "0% JUICE" in a larger and different colored font above the ingredient list. Defendant also asserts that the ingredient list does not include pear juice as a listed ingredient.  Plaintiff contends that the Court should not consider the back label because reasonable consumers do not often read the back label of a product.  Plaintiff further alleges that the "0% JUICE" disclaimer is not enough to avoid misleading reasonable consumers for the front label should clearly state that the beverage is "pear flavored."  Plaintiff's FAC includes the image of the beverage's front label depicted below.  (FAC ¶ 6).  Defendant's motion includes the subsequent image of the beverage's back label depicted below.  (Def.'s Mot. at 4).

Plaintiff's First Amended Complaint ("FAC") asserts seven causes of action: (1) breach of express warranty; (2) "unlawful" business practices in violation of the UCL § 17200, *et seq.*; (3) "unfair" business practices in violation of the UCL § 17200 *et seq.*; (4) "fraudulent" business practices in violation of the UCL § 17200 *et seq.*; (5) false advertising in violation of California Business & Professions Code §§ 17500, *et seq.*; (6) violation of the Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*; and (7) Restitution based on quasi-contract/unjust enrichment.

---

[1] Plaintiff alleges she purchased all six flavors in Defendant's kombucha line, however, Plaintiff's FAC and Defendant's motion to dismiss primarily discuss Defendant's "Golden Pear" flavored beverage. Thus, for clarity purposes, this Order discusses Defendant's "Golden Pear" beverage, however, the same arguments apply to Defendant's other flavored beverages (i.e., strawberry, cherry, etc.).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). A court should grant leave to amend where there is no (1) "undue delay," (2) "bad faith or dilatory motive," (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007).

## III.   DISCUSSION

In its motion to dismiss, Defendant contends Plaintiff's FAC should be dismissed because: (1) Plaintiff's CLRA, FAL and UCL claims do not pass the reasonable consumer test; (2) Plaintiff fails to plead her claim with particularity as required by Fed. R. Civ. P. 9(b); (3) Plaintiff cannot pursue equitable remedies because she has failed to plead facts establishing that her legal remedies are inadequate; (4) Plaintiff's UCL claim is impliedly preempted; and (5) Plaintiff lacks Article III standing to seek injunctive relief. Because

the Court is convinced of Defendant's first argument—that Plaintiff has not plead sufficient facts to support claims rooted in fraud or misrepresentation, and the second argument—that Plaintiff has not satisfied Rule 9(b)—the Court need not address Defendant's remaining arguments.  The first and second arguments each provide an independent basis for dismissing the claims.

### A. CLRA, FAL, and UCL Claims

Plaintiff brings suit alleging violations of California's consumer protection statutes: California Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL").  The CLRA prohibits "unfair or deceptive acts or practices."  Cal. Civ. Code § 1770.  The FAL prohibits "untrue or misleading" advertisements.  Cal. Bus. & Prof. Code § 17200.  The UCL prohibits "unlawful, unfair or fraudulent" business practices.  *Id.*  "Courts often analyze these statutes together because they share similar attributes."  *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014).  The CLRA, FAL, and UCL are governed by the "reasonable consumer" test.  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).  Under this standard, a plaintiff "must show that members of the public are likely to be deceived."  *Moore v. Mars Petcare, US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (citations omitted).  This requires more than a "mere possibility" that a defendant's labeling "might conceivably be misunderstood by some few consumers viewing it an unreasonable manner."  *Id.* (internal quotations omitted).  It must be "probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."  *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).

In general, dismissal for failure to state a claim in this context is appropriate only where it is "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived."  *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2009).  "However, in certain instances, a court can properly make this determination and resolve

such claims based on its review of the product packaging." *Brown v. Starbucks Corp.*, No. 3:18-CV-2286 JM (WVG), 2019 WL 996399, at *6 (S.D. Cal. Mar. 1, 2019) (quoting *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013)). "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Pelayo*, 989 F. Supp. 2d at 978 (citations omitted).

Plaintiff asserts Defendant's labeling is misleading because the Products do not contain fruit juice from the fruit (i.e., pear) listed on the front of the can. The front label of Defendant's beverage lists "pear + tulsi + turmeric + black pepper" under "Golden Pear." Plaintiff alleges that after reading this front label, a reasonable consumer would assume the beverage contains pear juice, tulsi, turmeric, and black pepper. The Court finds Plaintiff's assertion to be a "legal conclusion that is not deemed true even on a motion to dismiss." *Harris v. McDonald's Corp.*, No. 3:20-CV-06533-RS, 2021 WL 2172833 at *2 (N.D. Cal. Mar. 24, 2021) (citing *Twombly*, 550 U.S. at 555, 564). Plaintiff's allegation regarding what a reasonable consumer would assume is too conclusory and "lacks a factual foundation to support any determination as to what reasonable consumers (do or do not) believe." *Id.* Plaintiff "cannot proceed simply by asserting her own belief and conclusions about consumers' beliefs without additional facts to "nudge" her claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Thus, the Court will analyze the product's packaging to determine if as a matter of law, a member of the public is likely to be deceived by the product's packaging. *Pelayo*, 989 F. Supp. 2d at 798.

Upon reviewing the evidence presented by both parties, the Court finds that as a matter of law, the public is not likely to be deceived by Defendant's packaging. The front of the can taken in context with the back label makes clear that the product does not contain pear juice. The back label of the beverage states "0% JUICE" in a larger size and different colored font above the beverage's nutrition facts. Additionally, the ingredient list does not list "pear juice" as an ingredient, but lists "natural pear flavor" as the last ingredient. Both parties agree that no reasonable consumer would assume the product contains pear juice

after reading both the front and back labels on the can.  However, the parties disagree on whether the Court may consider the back label of the can in the Court's analysis.

The Ninth Circuit made clear that the "front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *Mcginity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098 (9th Cir. 2023).  In other words, if the Court finds as a matter of law that the front of the can is ambiguous, the Court must consider both the front and back labels in determining whether a reasonable consumer would be deceived by the packaging.  Plaintiff argues that the front label of the can is unambiguously deceptive because it "unequivocally states the Product is a Pear Kombucha leading a reasonable consumer to understand that the Product contains pear." (Opp'n at 12).  The Court disagrees.  Nowhere on the front of the can do the words "pear juice" or "fruit juice" appear.  *See Rooney v. Cumberland Packing Corp.*, No. 3:12-CV-0033-H (DHB), 2012 WL 1512106 at *4 (S.D. Cal. April 16, 2012) (finding that no reasonable consumer could conclude that the product contains completely unprocessed or unrefined sugar cane for "[n]owhere on the box do the words "unprocessed" or "unrefined" appear").

Plaintiff argues that this case is similar to *Williams v. Gerber Products Co*., in which the Ninth Circuit held that defendant Gerber's Fruit Juice snacks' label was misleading because the front label included the words "fruit juice snacks" alongside images of fruit despite not containing any fruit juice from the fruits depicted on the label.  552 F.3d 934, 939 (9th Cir. 2008).  The panel explained that the purpose of the ingredient list on a back label is to *confirm* representations made on the front, not to allow contradictory statements to be made on the front while using the back label to correct such falsities, shielding a defendant from liability.  *Id.* at 939-40.  Because the panel found the front label to be misleading, the panel precluded Gerber from arguing that the back label should be considered together with the front label.  Thus, the panel found plaintiffs stated a claim.

Defendants argue this case is more akin to the facts in *McGinity* where the Ninth Circuit dismissed plaintiffs' claims upon determining that a label containing the words "Nature Fusion" on the front of a shampoo bottle is ambiguous and therefore, must be read together with the back label. *McGinity*, 69 F.4th at 1099. The panel reasoned that "[u]nlike a label declaring that a product is "100% natural" or "all natural," the front "Nature Fusion" label does not promise that the product is wholly natural. Although the front label represents that something about the product bears a relationship to nature, the front label does not make any affirmative promise about what proportion of the ingredients are natural." *Id.* at 1098. "The *McGinity* panel endorsed *Williams* but distinguished *McGinity* on the ground that in *McGinity*, unlike in *Williams*, the back label served to confirm what might be confusing on the front, while in *Williams* the additional information was contradictory to the statements made on the front label." *Caldwell v. Nordic Naturals, Inc.*, No. 3:23-CV-02818, 2024 WL 24325 at *3 (N.D. Cal. Jan. 2, 2024) (citing *McGinity*, 69 F.4th at 1095-99).

The Court finds that the facts in this case are most akin to the facts in *McGinity*. Like the label "Nature Fusion" on a shampoo bottle, labeling a beverage with the word "pear" represents that something about the product bears a relationship to pear, but it does not make any affirmative promise regarding where that pear flavor originates. Listing "pear" on a label *could* imply that the product contains pear juice, pear puree, natural pear flavor, or some combination of pear flavors.[2] Because there are multiple reasonable interpretations of the label "pear" on a beverage, the Court finds the label to be ambiguous. Plaintiff has not plead sufficient facts to prove that a reasonable consumer reading the front label could come to only one conclusion: that the beverage necessarily contains pear juice making the label unambiguously deceptive. Because the label is ambiguous at best, the Court must consider the front label together with the back label. *McGinity*, 69 F.4th at

---

[2] This is a non-exhaustive list meant to illustrate multiple reasonable interpretations of "pear" on a kombucha beverage label.

1098.  Thus, the Court finds that Defendant's packaging is not misleading for no reasonable consumer would assume the product contains pear juice after reading both the front and back labels of the can.  Plaintiff has not plead a claim under the CLRA, FAL, or UCL for Plaintiff has not plead sufficient facts to satisfy the reasonable consumer test.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's CLRA, FAL, and UCL claims with leave to amend as it is not entirely clear that amendment would be futile.

### B. Remaining Claims

Plaintiff also alleges causes of action for breach of express warranty and restitution based on quasi-contract/unjust enrichment.  However, Plaintiff's failure to plausibly allege that Defendant made any misrepresentation or misleading nondisclosure undermines her remaining claims.  For the reasons discussed, the Court finds that Plaintiff has not plead sufficient facts to support a finding that Defendant engaged in misrepresentation, fraud, or concealment.

Plaintiff brings a claim for breach of express warranty, but the Court finds that Plaintiff does not plausibly allege that Defendant promised, as a basis of the parties' bargain, that the beverages would contain fruit juice.  *See Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013) ("To prevail on a breach of express warranty claim, a plaintiff must prove that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.").  Similarly, Plaintiff does not plausibly allege that Defendant engaged in unlawful conduct and has therefore been "unjustly enriched" to support Plaintiff's claim for unjust enrichment.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's remaining claims for breach of express warranty and unjust enrichment.  The Court grants Plaintiff leave to amend for it is not clear amendment would be futile.

**B. Heightened Pleading Standard under Rule 9(b)**

Defendant argues that Plaintiff's claims for unfair business practices, intentional misrepresentation, and fraud must meet the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations. . . .'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  In other words, "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  *Kearns*, 567 F.3d at 1124 (internal quotation marks omitted).  To satisfy Rule 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  A plaintiff's allegations must be "specific enough to give defendants notice of the particular misconduct. . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).  Here, Plaintiff does not dispute that her claims are subject to Rule 9(b); rather, she argues that she has satisfied the rule.

Plaintiff alleges she purchased Defendant's beverages "during the class period" at "several stores in her surrounding area including Walmart, Vons, and Sprouts."  (FAC ¶ 13).  The Court finds and Defendant does not dispute that Plaintiff has sufficiently plead the "who, what, where, and how" of the alleged misconduct.  However, Defendant argues that Plaintiff has not sufficiently plead *when* she was subject to Defendant's alleged fraudulent misrepresentation.  Defendant contests that Plaintiff's reference to the "class period" as "the maximum time allowable as determined by the statute of limitations periods accompanying each cause of action" is insufficient to meet the particularity requirements under Rule 9(b).  (Def.'s Mot. at 13) (quoting FAC ¶ 69).

Some district courts in this circuit have determined that a complaint which states, "during the applicable class period" and then defines that period with a specific date(s), sufficiently satisfies the "when" requirement under Rule 9(b).  *See, e.g.*, *LeGrand v. Abbott Labs.*, 655 F. Supp. 3d 871, 895 (N.D. Cal. 2023) (citing *Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 966-67 (N.D. Cal. 2022)) (finding sufficient that "[plaintiffs] purchased the product 'during the Class Period approximately once or twice per month'," and defining the Class Period as "any time from four years preceding the date of the filing of this Complaint to the time a class is notified."); *Duran v. Creek*, No. 3:15-CV-05497-LB, 2016 WL 1191685, at *5 (N.D. Cal. Mar. 28, 2016) (finding "purchases during the class period," defined as purchases made "on or after December 1, 2011" to be sufficiently pled "when").  Other district courts in this circuit, however, have held that a plaintiff cannot satisfy the "when" requirement under Rule 9(b) by simply alleging that plaintiff purchased the products during the specified class period.  *See e.g., Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 955 (N.D. Cal. Sept. 26, 2019) (finding plaintiff's assertion that the class period began on or after "January 1, 2010" to be insufficient to satisfy Rule 9(b) because plaintiff failed to allege a corresponding end date); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1124 (C.D. Cal. 2020) (finding that plaintiff has not satisfied Rule 9(b) by alleging that plaintiff "repeatedly" purchased the product during the class period of 10.5 years).

Here, the FAC fails under both interpretations of Rule 9(b) for Plaintiff has failed to allege a *single* date in her FAC.  Plaintiff has not alleged a start or end date to mark the class period.  Thus, "the Court cannot determine from said allegations when [Named Plaintiff] purchased [the product], including whether [she] purchased it throughout the entire class period or only for a portion of the period, and if, the latter, what portion thereof."  *Beasley*, 400 F. Supp. 3d at 953.  Plaintiff cites *Astiana v. Ben & Jerry's Homemade, Inc.*, in which the district court found that the plaintiff sufficiently plead the "when" requirement under Rule 9(b) by alleging plaintiff had purchased the products "since at least 2006."  No. C 10-4387 PJH, C 10-4937 PJH, 2011 WL 2111796 at *6 (N.D.

Cal. May 26, 2011).  However, the plaintiff in *Astiana* provided the court with an estimated start date for the class period by alleging that plaintiff purchased the products "since at least 2006."  *Id.*  Here, again, Plaintiff's FAC fails to allege a start or end date to mark the class period.   Because Plaintiff has alleged multiple claims with varying statute of limitations periods, the Court finds Plaintiff's allegation that she purchased the beverages within "the maximum time allowable as determined by the statute of limitations periods accompanying each cause of action" to be too general to satisfy Rule 9(b)'s heightened pleading standard.

As a result, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims for failure to satisfy Rule 9(b)'s heightened pleading standard.   However, the Court **GRANTS** Plaintiff leave to amend because doing so would not be futile, cause undue delay, or unduly prejudice Defendant, and Plaintiff has not acted in bad faith. *Foman*, 371 U.S. at 182.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff's claims are dismissed with leave to amend.

**IT IS SO ORDERED.**

Dated:  February 9, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

13